In the Matter of the Arbitration between BENJAMIN SHAPIRO, Doing Business as AABORN COMPANY, Respondent, and FEDERAL CONSTRUCTION CORPORATION, Appellant.

First Department, December 21, 1943.

*Herbert S. Greenberg* of counsel (*Freedman & Greenberg,* attorneys), for appellant.

*Harry Becker* of counsel (*Samuel M. Cytryn* with him on the brief; *Harry Becker,* attorney), for respondent.

GLENNON, J. Appellant was the general contractor for the erection of the Brooklyn Terminal Market for the city of New York. Respondent was the subcontractor engaged to do the plastering work in connection therewith, pursuant to a written agreement. Unfortunately, the parties have not annexed to the record the agreement between the general contractor and the city of New York nor the subcontract between the parties who are here directly concerned. As a consequence we are confined to those clauses to which our attention has been directed in the

papers on appeal. Respondent contends that, because of appellant's failure to install sidewalks in front of the premises wherein the work was to be performed, it was unable to use rolling scaffolding and, as a consequence, stationary scaffolding was used by the respondent at an additional cost to him. It is not claimed by the respondent that the written agreement between him and appellant made any reference to the completion of sidewalks prior to the commencement of the plastering work.

The construction work of the entire project was completed in the month of September, 1942. Respondent on March 25, 1943, served on appellant its notice of intention to conduct an arbitration in accordance with the terms of the contract between the parties. The appellant made a motion at Special Term to stay arbitration. The court denied the motion and directed the parties to proceed to arbitrate.

Our attention has been directed to Clause XXIV which appears in the written agreement between the parties. So much as is pertinent reads as follows: "The Sub-Contractor covenants and agrees that should any controversies arise in the performance of the work covered by this Agreement, he will not file any lien or liens or make any claims against any moneys due or to become due to the Contractor in connection with his contract with the Owner, but that such controversies shall be referred to the Arbiter for settlement."

Clause II of the same agreement reads in part as follows: " Wherever the term ' Construction Contract ' is used in this Agreement, it shall mean and include the entire agreement between the Owner and the Contractor, including the Advertisement, Instructions to Bidders, Bid, Form of Contract, Bond, Contract Drawing, Plans, bulletins, Specifications, Amendments, and any and all Addenda, all of which are made part hereof as if set forth in full.

" Wherever the word ' Arbiter ' is used in this Agreement it refers to the person or persons designated in the ' Construction Contract ' as the representative of the Owner, and/or the Commissioner of the Department of Public Works."

Clause XXVII of the written agreement reads: " The Sub-Contractor agrees that he will repair or replace, in manner satisfactory to the Arbiter and without cost to the Owner, Arbiter or Contractor, any and all work furnished by him, which may become defective due to faulty materials and workmanship, within Two (2) Years from the date of final payment; and the Sub-Contractor further agrees to pay for all damage caused

by the defects in his work and all expenses necessary to remove and replace or repair, in a satisfactory manner, any other work which may be damaged or disturbed in making repairs to the work included in this Guarantee.''

It is quite apparent that the main purpose of Clause XXIV was to subject respondent to the authority retained by the Commissioner of Public Works to decide disputes while the work was being done, in order to prevent any act which would impede or interfere with the completion of the main contract between the City of New York and the appellant as general contractor.

An examination of Clause XXIV of the contract indicates that it was never intended as an agreement to submit all disputes to arbitration. The Commissioner was not to act as an arbitrator in the ordinary sense. He was simply designated in a supervisory capacity to settle disputes, if any, during the progress of the work. If the appellant and respondent had in mind the settlement by arbitration of all disputes between them, their contract should have contained language to that effect which would be clear and unmistakable.

Under the circumstances, the order directing arbitration should be reversed, with twenty dollars costs and disbursements and the motion granted.

UNTERMYER, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., taking no part.

Order unanimously reversed, with twenty dollars costs and disbursements and motion granted. Settle order on notice.